**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DENNIS SOBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-1152-GBW-SRF |
| | ) | |
| THE ATTORNEY GENERAL OF DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Dennis Sobin ("Plaintiff") filed this action on September 14, 2026 to challenge the constitutionality of Delaware statutes criminalizing prostitution. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis* ("IFP"). (D.I. 6) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, I recommend that the court DISMISS the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. BACKGROUND

Plaintiff, a resident of Washington, D.C., seeks declaratory and injunctive relief from Delaware statutes criminalizing prostitution: 11 *Del. C.* §§ 1341, 1342, and 1351. (D.I. 2 at 1) The complaint alleges that Plaintiff travels to Delaware to engage in private consensual sexual conduct prohibited by the statutes and, as a result, he "faces a credible threat of prosecution if he continues his conduct in Delaware." (*Id.* at 2; D.I. 2-2 at 1)

Plaintiff contends that Delaware statutes criminalizing prostitution violate his Fifth and Fourteenth Amendment rights to due process and equal protection because he has a protected liberty interest in private consensual sexual conduct, regardless of whether compensation is

involved. (D.I. 2 at 3) Plaintiff seeks a declaration that the U.S. Constitution "protects private consensual sexual conduct between competent adults from criminalization solely because compensation is involved" and, as a result, 11 *Del. C.* §§ 1341, 1342, and 1351 are unconstitutional as applied to Plaintiff. (*Id.* at 5) Plaintiff also requests an injunction enjoining the Attorney General of Delaware from enforcing the statutes against him. (*Id.*)

In conjunction with the filing of his complaint, Plaintiff filed a motion for leave to proceed IFP, in which he declared under penalty of perjury that he is unemployed, has no income other than SSI disability, lives in subsidized housing, receives food stamps, and has no savings or assets. (D.I. 1 at 3) As a result, Plaintiff represented that he could not afford the $405 filing fee without sacrificing basic necessities. (*Id.*) The court takes judicial notice that Plaintiff has brought similar actions in at least fifteen other jurisdictions challenging the constitutionality of state criminal prostitution laws.[1] In many of these civil actions, as in the present case, Plaintiff alleges that he regularly travels to the jurisdiction(s) from his residence in Washington, D.C. to engage in compensated sexual conduct prohibited by state criminal statutes. *See, e.g.*, *Sobin v. Lopez*, 1:26-cv-347-JAO-WRP, D.I. 15 (D. Haw. July 8, 2026) (denying without prejudice Plaintiff's IFP application based on his pleaded allegations "that he 'regularly travels to Hawaii'

[1] *Sobin v. Miyares*, 1:26-cv-3055-MSN-IDD, D.I. 1 (E.D. Va. Sept. 14, 2026); *Sobin v. Funk*, 3:26-cv-1287, D.I. 1 (M.D. Tenn. Sept. 9, 2026); *Sobin v. Stein*, 5:26-cv-649-MKS, D.I. 1 (E.D.N.C. Sept. 8, 2026); *Sobin v. Attorney Gen. of Maryland*, 1:26-cv-3376-GLR, D.I. 1 (D. Md. Aug. 24, 2026); *Sobin v. Commonwealth of Virginia*, 1:26-cv-2304, D.I. 1 (E.D. Va. July 27, 2026); *Sobin v. State of Rhode Island*, 1:26-cv-470-MRD-PAS, D.I. 1 (D.R.I. July 17, 2026); *Sobin v. Texas*, 6:26-cv-454-CRW-DNM, D.I. 7 (W.D. Tex. Sept. 17, 2026); *Sobin v. Nevada*, 2:26-cv-2099-GMN-BNW D.I. 1-1 (D. Nev. July 10, 2026); *Sobin v. James*, 1:26-cv-5853-LTS, D.I. 1 (S.D.N.Y. July 9, 2026); *Sobin v. Colorado*, 1:26-cv3074-RTG, D.I. 1 (D. Colo. July 9, 2026); *Sobin v. Lopez*, 1:26-cv-347-JAO-WRP, D.I. 1 (D. Haw. July 7, 2026); *Sobin v. Frey*, 1:26-cv-343-LEW, D.I. 1 (D. Me. July 1, 2026); *Sobin v. Rokita*, 1:26-cv-2114-JRO-KMB, D.I. 1 (S.D. Ind. Sept. 30, 2026); *Sobin v. Jones*, 4:26-cv-00270-RSB-CLR, D.I. 1 (S.D. Ga., Oct. 5, 2026); *Sobin v. Attorney General of NH*, 1:26-cv-928-SE-TSM, D.I. 1 (D.N.H. Oct. 26, 2026); *Sobin v. Tong*, 3:26-cv-1964-VDO, D.I. 1 (D. Conn. Nov. 9, 2026).

from Washington D.C. and while [in Hawaii] engages in conduct criminalized by the Hawaii's prostitution statutes. Such allegations suggest he has sufficient spending money.").

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson*

*v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

I recommend that the court dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff lacks standing to bring suit. To establish standing, a plaintiff must show: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Plaintiff has the burden of demonstrating that these requirements are met at the 'commencement of the litigation,' and must do so 'separately for each form of relief sought.' " *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). If a plaintiff fails to satisfy the requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

For purposes of standing, an injury-in-fact must be "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (citations omitted). A plaintiff may prospectively seek to prevent enforcement of an allegedly unconstitutional law only if he faces "a credible threat of prosecution." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). Here, Plaintiff does not identify specific and/or imminent future plans to engage in prohibited conduct in Delaware, and the complaint is devoid of facts supporting a credible threat of prosecution. *See Sobin v. Attorney Gen. of Indiana*, 2026 WL 3120696, at *3 (S.D. Ind. Oct. 19, 2026). Consequently, I recommend that the court DISMISS the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I further recommend that Plaintiff be afforded one opportunity to amend the complaint to remedy the foregoing deficiencies. Just as the representations in Plaintiff's IFP motion were made under penalty of perjury, any amended pleading must comply with the requirements of Federal Rule of Civil Procedure 11(b), which requires Plaintiff to certify that the complaint "is not being presented for any improper purpose" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(1), (3). The court may issue an order to show cause under Rule 11(c)(3) and consider recommending the imposition of sanctions if the factual allegations in any amended pleading remain facially inconsistent with the representations made in Plaintiff's IFP motion.[2]

---

[2] Federal Rule of Civil Procedure 11(c)(3) states: "On its own, the court may order [a] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Rule 11(c)(4) explains that "[t]he sanction may include nonmonetary directives" or "an order to

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

**ORDER**

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on November __, 2026 is **ADOPTED**.

2. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

3. Plaintiff will be afforded one opportunity to amend the complaint. Plaintiff is granted leave until on or before ____________, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation. The case will be CLOSED should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

---

pay a penalty into court[.]" Nonmonetary sanctions may include dismissal of the case with prejudice. *See Boozer v. Oliver*, 2024 WL 5338645, at *4 (W.D. Pa. Oct. 1, 2024).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 19, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE